# UNITED STATES DISTRICT COURT

# EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| **ADAM ZIMA** | * | **CASE NO:** |
| | * | |
| **VERSUS** | * | **JUDGE:** |
| | * | |
| **C-DIVE, L.L.C.; and** | * | **MAGISTRATE:** |
| **GULF SOUTH PIPELINE COMPANY, LP** | * | |

**\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\***

## COMPLAINT

**NOW INTO COURT**, through undersigned counsel comes Complainant, **ADAM ZIMA**, a person of the full age of majority, who respectfully avers as follows:

1.

Named as Respondent herein are:

**C-DIVE, L.L.C.**, a Louisiana limited liability company domiciled in the Parish of Terrebonne, State of Louisiana; and

**GULF SOUTH PIPELINE, LP**, a foreign company, authorized to do and doing business in the Parish of Terrebonne, State of Louisiana.

2.

Complainant brings these claims pursuant to the Jones Act, 46 USC 30104 and the General Maritime Law, and files said **claims pursuant to the Savings to Suitor's Clause** of the United States Constitution and designates said claims as admiralty and maritime claims pursuant to Rule 9(h) of the Federal Rules of Civil Procedure.

3.

Respondent are justly and truly indebted to Complainant, jointly, severally and *in solido,* for all damages that are reasonable in the premises, together with legal interest from the date of judicial demand until paid and all costs of these proceedings, by reason of the following:

4.

At all material times herein, Respondent. **C-Dive, L.L.C.**, was the owner, operator and/or owner *pro hac vice* of the **M/V MS KERCI**, a dive support vessel operating in the navigable waters off the coast of Louisiana.

5.

At all material times herein, Complainant was employed by Respondent, **C-Dive, L.L.C.** and assigned as a commercial diver and member of the crew of the **M/V MS KERCI**.

6.

At all material times herein, Respondent, **Gulf South Pipeline Company, LP ("Gulf South")**, was the owner and/or operator of a pipeline located in the Gulf of Mexico around Eugene Island block 95, approximately 25 miles south of Marsh Island.

7.

At all material times herein, Respondent, **C-Dive, L.L.C.**, has assigned the **M/V MS KERCI** and its crew to perform work on the pipeline owned and/or operated by Respondent, **Gulf South.**

8.

On or about August 26, 2015 at approximately 8:30pm, Complainant, **ADAM ZIMA,** was in his bunk on the **M/V MS KERI**, while divers were working on uncovering sections of **Gulf**

**South's** pipeline, when suddenly and without warning there was an explosion creating a 15 to 20 foot wave that crashed upon the back deck of the **M/V MS KERCI**, followed by a fire ball heading towards the back of the boat.

9.

As a result of this explosion and subsequent fireball engulfing the back deck of the vessel, a number of crewmembers were required to abandon the **M/V MS KERCI**.  Complainant, **ADAM ZIMA**, heard the explosion, ran to the deck wherein he encountered the fire and realized crew members were in the water. In the process of rescuing the crew members that had abandoned the vessel, Complainant, **Adam Zima**, was running with a ladder. The ladder became jarred causing Complainant to fall to the ground thereby sustaining severe and debilitating injuries to his person, including but not limited to, injury to his back.

10.

As a result of Respondent' negligence Complainant, **ADAM ZIMA,** sustained extensive injuries necessitating medical treatment and resulting in loss of work; thereby entitling Complainant to general damages for past, present and future pain, suffering, emotional distress, and loss of employment of life, and special damages for past, present and future medical expenses, lost wages and benefits, and loss of earnings capacity.

11.

The injuries and damages sustained by Complainant, **ADAM ZIMA,** were caused in whole or part by the negligence and/or fault of Respondent, **C-Dive, L.L.C.**, which negligence includes the following nonexclusive particulars:

   a.   Failure to provide a safe place of work;

   b.   Failure to provide adequate crew for the **M/V MS KERCI**;

   c.   Failure to properly train the crew of the **M/V MS KERCI**;

   d.   Failure to take proper precautions prior to commencing work on the pipeline;

   e.   Failure to provide adequate and safe equipment for pipeline work;

   f.   Failure to ensure that the pipeline had been properly purged prior to beginning work; and

   g.   Any other acts of negligence which will be shown at the trial of this matter.

12.

The injuries and damages sustained by Complainant, **ADAM ZIMA**, were caused in whole or part by the negligence and/or fault of Respondent, **Gulf South,** which negligence includes the following nonexclusive particulars:

   a.   Failure to provide a safe place to work;

   b.   Failure to provide adequate warning to crew of the **M/V MS KERCI** about the location of other pipelines in the area;

   c.   Failure to provide current maps or other drawings to the **C-Dive, L.L.C.** personnel indicating the location of the pipeline being worked on prior to work beginning;

   d.   Failure to properly maintain the pipeline being worked on by the **C-Dive, L.L.C.** crew and/or other Gulf South pipelines in the area;

   e.   Any other acts of negligence which will be shown at the trial of this matter.

13.

The injuries and damages sustained by Complainant, **ADAM ZIMA,** were caused in whole or part by the unseaworthiness of the **M/V MS KERCI**, which includes the following nonexclusive particulars:

a. Failure to provide a safe place of work;

b. Failure to provide adequate crew;

c. Failure to properly train the crew;

d. Failure to take proper precautions prior to commencing work on the pipeline;

e. Failure to provide adequate and safe equipment for pipeline work;

f. Failure to ensure that the pipeline had been properly purged prior to beginning work; and

g. Any other acts of unseaworthiness which will be shown at the trial of this matter.

**WHEREFORE**, Complainant, **ADAM ZIMA**, prays that Respondent, **C-Dive, L.L.C.,** and **Gulf South Pipeline Company, LP**, be served with a certified copy of this Petition, and be duly cited to appear and answer same; that after all due proceeding are had, that there be judgment rendered in favor of Complainant, and against Respondent, jointly, severally and *in solido,* for all damages that are reasonable in the premises, together with legal interest and for all costs of these proceedings; and further, for all general and equitable relief which the court deems necessary and proper under the circumstances.

*Respectfully Submitted*,

**LABORDE EARLES LAW FIRM, LLC**


By    */s/ Jeanne M Laborde*
       **DERRCK G. EARLES (Bar #29570)**
       **DAVID C. LABORDE, (Bar# 20907)**
       **JEANNE M. LABORDE (Bar #24821)**
       **ANDREW B. MIMS (Bar #33990)**
       203 Energy Parkway, Building B
       Lafayette, Louisiana 70508
       Phone: (337) 261-2617; Fax (337) 261-1934
       **ATTORNEYS FOR ADAM ZIMA**


**PLEASE SERVE**:

**C-Dive, L.L.C.**
**Through its agent for service of process**
Robert Champagne
1011 Saadi St.
Houma, LA 70363


**Gulf South Pipeline Company, LP**
**Through its agent for service of process**
Corporation Service Company
501 Louisiana Ave.
Baton Rouge, LA 70802